IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-151-TAV-DCP |
| | ) | |
| CAMARON A. BILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 18, 2020, for an arraignment on the Second Superseding Indictment and a motion hearing on defense counsel's Motion of the Defendant Camaron A. Billips for the Appointment of Substitute Counsel [Doc. 280], filed on November 13, 2020. Assistant United States Attorney David P. Lewen appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., appeared with Defendant Cameron Billips, who was also present.

The Court appointed Attorney Lloyd to represent Defendant Billips at his initial appearance on March 26, 2020 [Doc. 125]. In his motion, Mr. Lloyd asks the Court to appoint new counsel for Defendant Billips, stating that the attorney-client relationship has been irreparably damaged. He contends that Defendant Billips has instructed him, both in a voicemail message and in a postcard, to get substitute counsel. During the motion hearing, the Court conducted a sealed, *ex parte* hearing in order to learn the nature and extent of the problems with

the attorney-client relationship.  Without going into the confidential nature of that discussion, the Court finds a complete breakdown in communication and trust has occurred between Defendant Billips and Mr. Lloyd.  The Court also finds the Defendant's confidence in Mr. Lloyd has been seriously eroded.  This loss of trust in the attorney-client relationship and the breakdown in communication has compromised Mr. Lloyd's ability to present an adequate defense and to render effective assistance of counsel.  While the attorney-client relationship could potentially be repaired, if given enough time, the Court finds, based upon the current posture of the case, it is appropriate to have new counsel take a fresh look at this case and advise the Defendant on how to proceed.  Accordingly, the Court finds that good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon good cause shown, the Motion for the Appointment of Substitute Counsel [**Doc. 280**] is **GRANTED**, and Mr. Lloyd is relieved as counsel of record for the Defendant.  *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).  The Court recognizes the need for the Defendant to be represented continuously by counsel.  Attorney Stephen G. McGrath was present at the hearing and agreed to accept representation of the Defendant.  The Court **SUBSTITUTES** and **APPOINTS** Mr. McGrath under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Billips.  Defendant Billips is encouraged to make every effort to work with Mr. McGrath through the remainder of this case.

Mr. Lloyd provided two flash drives containing discovery and one flash drive containing a summary of the discovery pertaining to Defendant Billips, which Mr. Lloyd's office had prepared.  He also provided some hardcopies to Mr. McGrath.  Mr. McGrath requested three weeks to file a reply to the Government's response to the Motion of Defendant Camaron A.

Billips to Suppress [Doc. 236], filed by prior counsel. The Court granted this request and set a deadline of **December 10, 2020**, for Defendant Billips's reply.

Accordingly, it is **ORDERED**:

(1) The Motion of the Defendant Camaron A. Billips for the Appointment of Substitute Counsel [**Doc. 280**] is **GRANTED**;

(2) Attorney Francis L. Lloyd, Jr., is **RELIEVED** of his representation of the Defendant;

(3) Attorney Stephen G. McGrath is **SUBSTITUTED** and **APPOINTED** as Defendant Billips's counsel of record under the CJA; and

(4) The Defendant shall file a reply or, alternatively, a motion to withdraw, in relation to his motion to suppress statement [Doc. 236] and the Government's response [Doc. 270] on or before **December 10, 2020**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

3