IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
v.                                  )           No. 3:19-CR-151-TAV-DCP
                                    )
CAMARON A. BILLIPS,                 )
                                    )
                Defendant.          )

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Judge

as may be appropriate.  On July 25, 2019, law enforcement entered a duplex at 510 Gillespie Road,

Chattanooga, Tennessee, to execute a search warrant and were involved in a shooting with

Camaron Billips.[1]  Defendant Billips "was not *Mirandized* by the Hamilton County Sheriff's

Office (HCSO) on July 25, 2019 when Billips provided a voluntary statement" [Doc. 270, p.5].

Defendant Billips asks the Court to suppress his unwarned statement from July 25, 2019, because

it was obtained in violation of his Fifth Amendment protection against self-incrimination.  The

Government agrees that the statement was unwarned and states that it will not seek to use this

statement in its case-in-chief at trial.  The Government contends that it may use the statement to

impeach Defendant Billips if he testifies inconsistently with the statement at trial.  The Defendant

---

[1] The circumstances leading to Defendant Billips's encounter with law enforcement on July 25,
2019, are the subject of the Court's Report and Recommendation [Doc. 353] on Defendant
Demetrius Bibbs's motion to suppress [Doc. 222], in which Defendant Billips asks [Doc. 339] to
join.  This background information is taken from the search warrant affidavits [Doc. 222-1]
appended to Defendant Bibbs's motion.

1

agrees that the statement may be used under those limited circumstances yet asks the Court for a ruling on his suppression motion. The undersigned recommends that Defendant's motion be granted and that his July 25, 2019 statement be suppressed.

## I.      BACKGROUND AND POSITIONS OF THE PARTIES

Defendant Billips stands charged [Doc. 243] with conspiring to possess and distribute controlled substances from July 15, 2018, to November 22, 2019 (Count One) and possession of firearms in furtherance of drug trafficking during this same period (Count Two). Defendant Billips is additionally charged with the possession of heroin with intent to distribute on June 30, 2019 (Count Ten) and the possession of fentanyl with the intent to distribute on that same date (Count Eleven).

On October 5, 2020, initial counsel for Defendant Billips filed the Motion of the Defendant Camaron A. Billips to Suppress [Doc. 236]. This motion asks the Court to suppress any evidence stemming from the July 25, 2019 interview of Defendant Billips by officers of the Hamilton County, Tennessee, Sheriff's Office, because the officers questioned the Defendant without advising him of the *Miranda* warnings.[2] The Government responded [Doc. 270] on October 30, 2020, agreeing that Defendant was not provided the *Miranda* warnings before his statement on July 25, 2019, and stating that it will not use the July 25, 2019 statement by Defendant Billips in its case-in-chief at trial. However, it asserted that it may use the July 25, 2019 statement to impeach Defendant Billips if he testifies inconsistently with the statement at trial.

---

[2] The motion asks the Court to suppress all statements by Defendant Billips and any evidence derived from his statements. However, at the May 7, 2021 motion hearing, defense counsel agreed that he sought the suppression of only the Defendant's July 25, 2019 statement to HCSO. Defendant Billips currently does not argue that this unwarned statement led to any other evidence or tainted his subsequent statement to a different law enforcement agency on July 26, 2019.

2

On November 18, 2020, the undersigned substituted Attorney Stephen G. McGrath as Defendant Billips's counsel of record and asked Mr. McGrath to file a reply brief in support of the suppression motion, if Defendant Billips was still pursuing it, or a motion to withdraw the suppression motion, if not [Docs. 294 & 344]. Defendant filed a reply brief [Doc. 346] on February 19, 2021, asking the Court to make findings of fact and a ruling on the suppression motion, despite the Government's agreement not to use the July 25, 2019 statement in its case in chief. Defendant does not contest the Government's ability to use the statement for impeachment purposes. However, he argues that the un-*Mirandized* statement must be suppressed before trial.

The parties appeared before the undersigned on May 7, 2021, for a hearing on Defendant Billips's pretrial motions. Assistant United States Attorney David P. Lewen appeared on behalf of the Government. Attorney Stephen G. McGrath represented Defendant Billips, who was also present. Mr. McGrath argued that Defendant Billips is seeking a ruling on his motion to suppress the July 25, 2019 statement. AUSA Lewen stated that the Government concedes that it will not use the un-*Mirandized* statement by Defendant Billips in its case-in-chief at trial and, thus, an order suppressing the July 25 statement is not necessary. Both counsel agreed to the following statement of the circumstances of the July 25, 2019 statement, which is taken from the Government's response and was read aloud at the hearing: Defendant Billips "was not *Mirandized* by the Hamilton County Sheriff's Office (HCSO) on July 25, 2019 when Billips provided a voluntary statement" [Doc. 270, p.5]. AUSA Lewen agreed the July 25, 2019 statement is separate and distinct from a statement Defendant Billips made to agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") on July 26, 2019, at Erlanger Hospital [Doc. 270-1, transcript of statement]. Mr. McGrath confirmed that he was not contesting the Government's ability to use the July 25 statement in rebuttal, if Defendant Billips testifies inconsistently to the statement.

3

## II.  FACTUAL FINDING

Based upon the agreement of the parties at the May 7, 2021 hearing, the Court finds as follows:  On July 25, 2019, Defendant Billips was questioned by officers of the HCSO.  The HCSO officers did not advise Defendant Billips of the *Miranda* warnings before or during questioning.

## III.     ANALYSIS

The Fifth Amendment protects against a defendant being "compelled in any criminal case to be a witness against himself."  In light of this protection, the Supreme Court has held that law enforcement officers cannot interrogate a suspect who is in custody until they advise the suspect of his or her rights under the Fifth Amendment.  *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966); *United States v. Howard*, 815 F. App'x 69, 78 (6th Cir. 2020).   "Statements elicited in noncompliance with this rule may not be admitted for certain purposes in a criminal trial." *Stansbury v. California*, 511 U.S. 318, 322 (1994); *Howard*, 815 F. App'x at 78 (quoting *Stansbury*).  However, if a criminal defendant chooses to testify in his or her own defense, he or she may be impeached with a prior inconsistent statement, even if that statement was unwarned. *Harris v. New York*, 401 U.S. 222, 226 (1971); *United States v. Phillips*, 575 F.2d 97, 100 (6th Cir. 1978).

In the instant case, Defendant Billips was not advised of the *Miranda* warnings prior to making the July 25, 2019 statement.  The Court finds that the Government may not use Defendant Billips's July 25, 2019 statement in its case-in-chief at trial and that the Government expressly agrees not to do so.  Accordingly, the Court recommends that the Defendant's motion to suppress his July 25, 2019 statement be granted.  Because the Defendant did not present any proof or argument that the July 25, 2019 statement led to other evidence or tainted any subsequent statement, the Court's recommendation is limited to Defendant's July 25, 2019 statement.

4

The Court acknowledges and Defendant Billips agrees that the Government may be able to impeach him with his July 25, 2019 statement, if Defendant Billips testifies at trial and his testimony is inconsistent with his July 25, 2019 statement. However, because the propriety of impeachment with an inconsistent statement turns upon the particular circumstances of future testimony, the Court finds the issue of whether the Government can impeach Defendant Billips with his July 25, 2019 must be reserved for the District Judge's determination during the trial, if it arises at all.

## IV. CONCLUSION

The Court finds that Defendant Billips's July 25, 2019 statement to law enforcement was unwarned and, thus, cannot be admitted in the Government's case-in-chief at trial. Accordingly, the undersigned respectfully **RECOMMENDS** that that the Motion of Defendant Camaron Billips to Suppress [Doc. 236] be **GRANTED** and that the Defendant's July 25, 2019 statement to HCSO officers be suppressed.[3] If a party has no objection to this recommendation, the party may file a notice of no objection in the record.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).