UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| DEMETRIUS D. BIBBS, and | ) | Nos.: 3:19-CR-151-TAV-DCP-8 |
| CAMARON A. BILLIPS, | ) | 3:19-CR-151-TAV-DCP-9 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Debra C. Poplin on April 12, 2021 [Doc. 353]. The R&R addresses defendant Bibbs's Motion to Suppress Evidence Obtained from the Searches of 510 Gillespie Road [Doc. 222] and Motion to Suppress Statements [Doc. 223], as well as defendant Billips's motion seeking to adopt defendant Bibbs's Motion to Suppress Evidence Obtained from the Searches of 510 Gillespie Road [Doc. 339].[1] The government responded to the motions [Docs. 231, 348]. Judge Poplin held a hearing on the motions on November 20, 2020 [Doc. 317], and defendant Bibbs was given leave to file a supplemental brief [Doc. 299]. Judge Poplin then issued the R&R [Doc. 353] recommending that the Court deny the motions to suppress.

---

[1] Billips's Motion to Adopt Co-Defendants' Motions [Doc. 339] seeks to adopt the suppression motion relating to the search of 510 Gillespie Road as well as motions seeking to suppress the various wiretaps at issue in this case. The Court will address the suppression motions relating to the wiretaps in a separate opinion. Accordingly, to the extent the Court rules on the motion to adopt [Doc. 339], it does so only as to the 510 Gillespie Road issue.

Defendant Bibbs has filed objections to the R&R [Docs. 357, 362]. Defendant Billlips filed a motion [Doc. 365] seeking to adopt the relevant objections filed by defendant Bibbs, while also asserting his own objection. The government has filed its response to the objections [Docs. 371], and no replies have been filed. The matter is now ripe for adjudication. For the reasons set forth more fully below, the defendants' objections to the R&R will be **OVERRULED**.

## I. Background

The Court presumes familiarity with the R&R's description of the background. Defendants did not file any specific objections as to the factual background set forth in the R&R [Doc. 353, pp. 2-5]. The Court, therefore, incorporates by reference the factual background established in the R&R.

## II. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). An objection which accomplishes "nothing more than stat[ing] a disagreement with a magistrate's suggested

2

resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used" in the context here. *Daniels v. Colvin*, 3:14-cv-546, 2016 U.S. Dist. LEXIS 24315, 2016 WL 792416, at *1 (E.D. Tenn. Feb. 29, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)). The Court may treat objections which amount to disagreements with the magistrate judge or which merely restate previous arguments as waived. *Daniels*, 2016 U.S. Dist. LEXIS 24315, 2016 WL 792416, at *1. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

### III. Analysis

Defendants Bibbs and Billips have both filed objections to the R&R. The Court will address each defendant's objections in turn.

#### A. Defendant Bibbs's Objections

##### 1. Searches of 510 Gillespie Road

Defendant Bibbs has filed two sets of objections, one to the portion of the R&R dealing with the two searches of 510 Gillespie Road [Doc. 357], and one relating to the suppression of Bibbs's statements to the police [Doc. 362]. With respect to the search issue, Bibbs raises the following objections to the R&R's findings:

- "that the affidavit in the first search warrant for 510 Gillespie Road established that the informant in the search warrant was reliable, that the affidavit sufficiently demonstrated a nexus between the crime alleged and the location to be searched, and that the information in the affidavit was not stale."

- "that the second search of 510 Gillespie Road was not an illegal entry because the second search warrant was based on the first search warrant, which the Magistrate

3

> Judge found was a valid warrant for 510 Gillespie Road, and, therefore, the second search warrant was not the 'fruit of the poisonous tree.'"

[Doc. 357]. The Court finds that these are general, conclusory objections which amount to nothing more than a disagreement with the magistrate judge's ruling. Defendant fails to provide any legal argument to support his objections, or otherwise set forth how the R&R is erroneous. However, while such conclusory objections may be treated as a waiver of opposition, the Court will briefly address defendant's objections.

With respect to the first search of 510 Gillespie Road, Judge Poplin correctly set forth the law regarding the issues raised in his objection. Specifically, Judge Poplin provided a thorough analysis of the law regarding informant reliability and explored how the facts of this case demonstrate that the reliability of the informant was sufficient to satisfy that law [Doc. 353, pp. 9-11]. Similarly, the magistrate judge conducted a thorough analysis of the nexus issue [*Id*., pp. 11-12] and the staleness issue [*Id.*, pp. 12-14]. The Court has conducted an independent review of the magistrate judge's analysis on all of these issues and finds it to be correct.

With respect to the second search of 510 Gillespie Road, the magistrate judge found that the first search was lawful, and therefore, the second search would not be barred under the "fruit of the poisonous tree" doctrine [*Id.*, pp. 14-15]. Defendant Bibbs generally objects to that finding, but again fails to offer any specific arguments or legal citations to support his objection. The Court has conducted an independent review of the magistrate judge's analysis on this issue and finds it to be correct. Accordingly, the Court finds that

4

Judge Poplin's conclusions regarding the two searches of 510 Gillespie Road are correct and the defendant's objections on this issue will be **OVERRULED**.

   2.   **Bibbs's Statements to Police**

Defendant Bibbs also objects to the R&R regarding its findings as to the suppression of his statements to the police. More specifically, Bibbs made two separate statements to the police: one in the back of a police car on the morning of July 25, 2019, and another at the police station, later that same day, approximately 14 hours after his arrest. The parties agree that defendant Bibbs was not given *Miranda*[2] warnings prior to the first statement, and the government concedes that it will not use the first statement in its case in chief [Doc. 353, p. 2 n. 1].

As to the second statement, defendant raised the following objections to the R&R's findings:

- "that Mr. Bibbs impliedly waived his *Miranda* rights during an interrogation by law enforcement agents after he had been held in custody for over 14 hours without being taken before a magistrate or appointed counsel to represent him."

- "that Mr. Bibbs' statement was knowingly and voluntarily made and there was no coercion by law enforcement agents, despite Mr. Bibbs' refusal to sign a *Miranda* waiver and this second interrogation took place over 14 hours after Mr. Bibbs' arrest. Mr. Bibbs was initially arrested at approximately 8:00 a.m. on July 25, 2019, following the execution of the search warrant at 510 Gillespie Road, Chattanooga, Tennessee. Mr. Bibbs was interrogated at that time without *Miranda* warnings being administered. Mr. Bibbs was transported to the Hamilton County Jail. He was held in custody for 14 hours and then interrogated again at the jail. During this 14-hour period, Mr. Bibbs was not taken before a magistrate to be advised of his rights or appointed a lawyer. The second interrogation began at 10:53 p.m. on July 25, 2019. This all took place after law enforcement agents broke into the apartment, where Mr. Bibbs was staying, with their guns blazing and shooting Cameron Billips

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

5

in the living room while Mr. Bibbs was asleep in the back bedroom of the apartment."

[Doc. 362].

With respect to defendant's first objection on this issue, he argues that the fact that he was held for over 14 hours without being brought before a magistrate or having counsel appointed to represent him is significant to the issue of whether his statement was voluntary. It appears that this is the first time defendant has raised this issue. Any issues raised for the first time in objections to an R&R are deemed waived. *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Regardless, as the government points out in its response, defendant was not charged with a crime until July 26, 2019 [Doc. 371]. The act of being charged with a crime is what triggers the right to appear before a magistrate, not the mere act of being arrested. *See, generally*, Fed. R. Crim. P. 5. With respect to the appointment of counsel, there is no evidence that defendant ever requested to speak to an attorney.

With respect to defendant's second objection, he argues that, given the specific facts of the case (as described in the objection, set forth above), he did not knowingly and voluntarily waive his *Miranda* rights. Defendant fails to cite any case law to support his argument, and does not point to any specific errors of law made by the magistrate judge, and instead takes issue with Judge Poplin's overall conclusion.

The Court has independently reviewed the video recording [Doc. 231, Ex. 9] and the written transcript [Doc. 233] of the second police interview. The Court has also independently reviewed Judge Poplin's legal analysis of this issue. In this instance, there

6

Case 3:19-cr-00151-TAV-DCP   Document 393   Filed 05/28/21   Page 6 of 11   PageID #: 3209

is no question that the police advised defendant of his *Miranda* rights [Doc. 233, p. 1]. It is equally clear that defendant refused to sign a *Miranda* waiver and did not explicitly verbally waive his rights [*Id.*, p. 2]. Regardless, Judge Poplin correctly recognized that the absence of a signed waiver or an explicit verbal waiver does not require the automatic suppression of a statement.

Rather, the R&R contains an exhaustive analysis of the relevant law and correctly noted that waiver can be inferred based on a subject's behavior and actions during a police interview [Doc. 353, pp. 20-21]. In this instance, Judge Poplin set forth Bibbs's relevant statements to the officers, which include, in pertinent part, the statement "[m]an, come on with the questions, man. Just come on with the questions, bruh" [*Id.*, pp. 22-23].

Judge Poplin found that:

> Defendant Bibbs's course of conduct—his words and actions following the advice of rights—constitutes a waiver of his *Miranda* rights. Although he refused to sign the waiver form, Defendant Bibbs clearly indicated that he wanted to continue the interview multiple times. Defendant Bibbs responded that he was fine to talk and that he wanted to know what was going on, and he directed the officers to commence the questioning. Additionally, the Court observes that the Defendant never requested a lawyer during the eleven-minute interview [Doc. 233]. The Court finds that this course of conduct indicates that Defendant waived his rights.

[Doc. 353, p. 23]. Having reviewed the interview, Judge Poplin's legal analysis, as well as the relevant pleadings, the Court agrees that defendant, through his statements and conduct, waived his *Miranda* rights.

However, the analysis does not end there. Having found that there was a waiver, the Court must next determine whether that waiver was knowing and voluntary. *United*

*States v. Davis*, 683 F. App'x 480, 484 (6th Cir. 2017). "A waiver is knowing if the suspect understands that the may 'choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time.'" *Id.* (citation omitted). "A waiver is voluntary if the suspect's decision to talk is 'the product of a free and deliberate choice rather than intimidation, coercion, or deception.'" *Id.* (citation omitted). The R&R goes into further detail as to the law regarding the voluntary prong, and the Court, after an independent review, finds that Judge Poplin properly set forth the law regarding when a waiver is knowing and voluntary [Doc. 353, p. 24]. The Court again notes that defendant's objection fails to cite any contrary law or to otherwise identify a specific error as to the R&R's recitation of the relevant law.

In this instance, after viewing the video of the interview, the Court finds that the waiver was knowing. Defendant was clearly advised of his rights, and he clearly understood that he was not required to sign the *Miranda* waiver. There was no indication during the interview that defendant did not understand what was going on or that he was impaired by drugs or alcohol. Nor did defendant seem to believe that he was required to answer questions, as he often disagreed with police, rather than meekly complying with them. Defendant appeared to use the interview as an attempt to gain information from the police about what charges he might be facing and about what sort and quantity of drugs were found.

With respect to the voluntariness prong, the Court agrees with Judge Poplin's analysis and finds that the waiver was voluntary. From the record, defendant clearly was

8

comfortable refusing to sign the *Miranda* waiver, and the police did not act in a coercive or deceptive manner. Defendant's objection emphasizes the shooting of defendant Billips when the police initially executed the search warrant. However, as Judge Poplin observes, defendant Bibbs was asleep in another room at the time of the shooting, and the interview at issue occurred approximately sixteen hours after the shooting. Defendant Bibbs's behavior during the interview was not that of someone who was speaking to the police only out of fear of being shot. Furthermore, defendant stated during the interview "[y]o, f*** the shootin', man. I don't give a f*** about none of that" [Doc. 233, p. 4]. This does not strike the Court as the behavior of someone overly concerned by the shooting of defendant Billips. Defendant also points to the fact that he had been detained for approximately 14 hours before the second interview. While the 14+ hours of detention were undoubtedly stressful, defendant Billips's behavior again was not that of someone who had been coerced or otherwise forced into participating in a police interview. Under the totality of the circumstances, the Court finds that defendant's participation was knowing and voluntary.

Accordingly, the Court finds that Judge Poplin's conclusions regarding the suppression of defendant's statements are correct and the defendant's objections on this issue will be **OVERRULED**.

### B. Defendant Billips

Defendant Billips filed a motion [Doc. 365] seeking to adopt defendant Bibbs's objections [Doc. 357] to the R&R as to the two searches of 510 Gillespie Road. The motion

9

also raises a specific objection to the finding that Billips had "no expectation of privacy" while staying at 510 Gillespie Road [Doc. 365].

The Court begins by reviewing the relevant portion of the R&R. Judge Poplin found that "at best, Defendant Billips was an overnight guest at the residence" [Doc. 353, p. 18]. She then went on to find that, because the search warrants in question were lawful, that if defendant Billips were allowed to adopt his co-defendant's motion to suppress, that the motion should be denied as to him as well [*Id.*, pp. 18-19]. In reaching this conclusion, Judge Poplin recognized that the Sixth Circuit has held that "[a]n overnight social guest 'has a reasonable expectation of privacy in the place where he sleeps at night'" [*Id.*, p. 16 (citation omitted)].

Thus, defendant Billips is incorrect in claiming that the R&R finds that he had no expectation of privacy. Rather, Judge Poplin recognized that Billips might qualify as an overnight guest, but that even if he did, it would not require suppression of the searches because they were conducted subject to a valid warrant. To the extent that there is any question, the Court specifically finds (and the government agrees) that defendant Billips was an overnight guest, and the Court will grant his motions to adopt to the extent that, as an overnight guest, he had a reasonable expectation of privacy. Regardless, the search warrants were still lawful, as discussed above. Thus, just as the Court overruled defendant Bibbs's objections to the R&R regarding the searches of 510 Gillespie Road, defendant Billips's objections will also be **OVERRULED**.

## IV. Conclusion

For the reasons discussed herein, and upon careful, *de novo* review of the record and the law, defendant Billips's Motion to Adopt Co-Defendants' Motions [Doc. 339] is **GRANTED in part**, as to defendant's Bibbs's Motion to Suppress, and the Court **RESERVES RULING** as to the remainder of the motion. Defendant Billips's Motion to Adopt Co-Defendant's Objections [Doc. 365] is **GRANTED**. The defendants' objections [Docs. 357, 362, 365] are **OVERRULED**. The Court **ACCEPTS IN WHOLE** the R&R [Doc. 353] and incorporates it into this Memorandum Opinion and Order. Accordingly, defendants' Motions to Suppress [Docs. 222, 223] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE