IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-151-TAV-DCP |
| | ) | |
| DEMETRIUS D. BIBBS *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

Now before the Court are Defendant Bibbs' Motion for Disclosure of Specific Items of Impeaching Information [Doc. 214], Defendant Bibbs' Motion for a Bill of Particulars [Doc. 215], Defendant Bibbs' Motion for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 216], Defendant Bibbs' Motion for Disclosure of Material Witnesses [Doc. 217], Defendant Bibbs' Motion for a Pretrial Hearing on the Existence of a Conspiracy [Doc. 218], Defendant Bibbs' Motion to Sever [Doc. 220], Defendant Antoinette Turner's Motion to Adopt [Doc. 238], Defendant Bibbs' Motion to Amend/Revise [Doc. 319], Defendant Billips' Motion to Sever [Doc. 340], and Defendant Billips' Motion for Pretrial Notice of Government's Intent to Use Rule 404(b) Evidence [Doc. 343].

The Court held a motion hearing with Defendant Bibbs and Defendant Antoinette Turner on November 20, 2020. [Doc. 290]. Assistant United States Attorney David Lewen appeared on behalf of the Government, Attorney Randall Reagan appeared on behalf of Defendant Bibbs, and Attorney Loretta Cravens appeared on behalf of Defendant Antoinette Turner. On May 7, 2021,

the Court held a motion hearing on several of Defendant Billips' motions—including Docs. 340 and 343. [Doc. 379]. Assistant United States Attorney David Lewen appeared on behalf of the Government, while Attorney Stephen McGrath appeared on behalf of Defendant Billips.

Accordingly, for the reasons set forth below, Defendant Bibbs' First Specific Brady Motion for Disclosure of Specific Items of Impeaching Information [**Doc. 214**], Motion for a Bill of Particulars [**Doc. 215**], Motion for Disclosure of Material Witnesses [**Doc. 217**], Motion for a Pretrial Hearing on the Existence of a Conspiracy [**Doc. 218**], and Motion to Sever [**Doc. 220**] will be **DENIED**. Defendant Bibbs' Motion for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 216**] will be **GRANTED in part and DENIED in part**, and Defendant Bibbs' Motion to Amend [**Doc. 319**] will be **GRANTED**. Lastly, Defendant Antoinette Turner's Motion to Adopt [**Doc. 238**], as well as Defendant Billips' Motion to Sever [**Doc. 340**] and Motion for Pretrial Notice of Government's Intent to Use Rule 404(b) Evidence [**Doc. 343**] will be **DENIED AS MOOT**.

## I. BACKGROUND

Defendant Bibbs was charged in the Second Superseding Indictment [Doc. 243][1] with conspiracy to distribute fifty grams or more of methamphetamine, as well as a quantity of fentanyl, oxycodone, alprazolam, marijuana, buprenorphine, and heroin, from on or about July 15, 2018 through on or about November 22, 2019—in violation of 21 U.S.C. § 846 (Count One); aiding and abetting possession of a firearm in furtherance of drug trafficking—in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2) (Count Two); aiding and abetting another (Defendant Billips) to knowingly and intentionally possess with intent to distribute heroin—in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] While the Second Superseding Indictment [Doc. 243] was returned after several of Defendant Bibbs' motions, no new charges were brought against Defendant Bibbs and the original count numbers remain. As the motion hearing occurred after the filing of the Second Superseding Indictment, the Court will consider the parties' arguments as also applicable to the Second Superseding Indictment.

2

(b)(1)(C), and 18 U.S.C. § 2 (Count Twelve); aiding and abetting another (Defendant Billips) to knowingly possess and brandish a firearm in furtherance of a drug trafficking crime—in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (2) (Count Thirteen); and being a felon in possession of a firearm—in violation of 18 U.S.C. § 922(g)(1) (Count Fifteen).

Defendant Antoinette Turner was charged in Count One of the Second Superseding Indictment, as well as with two counts of knowingly and intentionally distributing a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Sixteen and Seventeen). Defendant Billips was charged in Counts One, Two, Twelve, and Thirteen of the Second Superseding Indictment, as well as knowingly and intentionally possessing with the intent to distribute heroin—in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Ten); knowingly and intentionally possessing with the intent to distribute fentanyl—in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Eleven); and being a felon in possession of a firearm—in violation of 18 U.S.C. § 922(g)(1) (Count Fourteen).

However, a plea agreement [Doc. 391] was filed as to Defendant Billips on May 26, 2021. Additionally, a plea agreement [Doc. 395] was filed as to Defendant Antoinette Turner on May 28, 2021. Accordingly, due to the presence of these plea agreements, Defendant Billips' Motion to Sever [**Doc. 340**] and Motion for Pretrial Notice of Government's Intent to Use Rule 404(b) Evidence [**Doc. 343**], as well as Defendant Antoinette Turner's Motion to Adopt [**Doc. 238**], will be **DENIED AS MOOT**.

## II. DEFENDANT BIBBS' MOTION FOR DISCLOSURE OF SPECIFIC ITEMS OF IMPEACHING INFORMATION

Defendant Bibbs seeks [Doc. 214] for the Court to order the Government to provide specific impeachment evidence. In relevant part, Defendant Bibbs seeks the existence and manner of execution of any agreement or understanding between the Government or any other law

3

enforcement agency and any informants or witnesses for the Government; any testimony, statements, or memorandum referencing statements by witnesses describing the charged offenses that do not include any references to Defendant Bibbs; all previous statements made by any witness to law enforcement officials that are inconsistent with the witness's testimony; any record of any witness's arrest or conviction; any allegations concerning the misconduct of any witness that is not reflected on the witness's criminal record, including probation files; material related to any witness's mental or physical history that tends to reflect adversely on their reliability; whether any witness was given a polygraph examination and the results thereof; any information showing that any witness's identification of Defendant Bibbs was motivated to any degree by personal animosity; and whether any witness has tested positive for the presence of illegal controlled substances while cooperating with the Government or while any criminal charges were pending.

The Government responds [Doc. 231] that the Court's Order on Discovery and Scheduling [Doc. 11][2] addresses this type of evidence, and therefore the Government maintains that it will comply with its obligations under the Court's previous order. The Government asserts that numerous courts nationwide have "rejected such sweeping requests made by Defendant Bibbs." [Doc. 231 at 56]. However, the Government states that "to the extent that the government's witnesses may be impeached because they have entered plea agreements with the government, received reductions in their sentences, or promised benefits in exchange for their cooperation . . . the government will provide the defendants with that information pursuant to ¶ E of the Court's Order on Discovery and Scheduling." [*Id.* at 57]. Further, the Government alleges that certain of

---

[2] The Court notes that while the specific dates listed in the Order on Discovery and Scheduling [Doc. 11] have been amended several times, the Order's directions on the scope and timing of discovery are controlling with regard to all parties. *See, e.g.*, *United States v. Cole*, No. 3:08-CR-48, 2009 WL 596008, at *7 n.5 (E.D. Tenn. Mar. 6, 2009).

4

Defendant Bibbs' requests are prohibited by Rule 16(a)(2), as "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." [*Id.*].

The discovery available in criminal cases is generally detailed in: (1) Federal Rule of Criminal Procedure 16; (2) the Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. The Supreme Court has held that the Government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." *Id.* at 87. This rule also extends to evidence which could be used to impeach the credibility of a government witness. *Giglio v. United States,* 405 U.S. 150, 154–55 (1972) (holding impeachment evidence falls within *Brady* "[w]hen the reliability of a given witness may well be determinative of guilt or innocence").

Rule 16 requires the Government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony. Fed. R. Crim. P. 16(a). The Jencks Act "generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short,* 671 F.2d 178, 185 (6th Cir. 1982). The Government is only required to produce the statement after the witness has testified on direct examination. 18 U.S.C. § 3500(a).

In *United States v. Presser*, the Sixth Circuit found that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial," the defendant's Constitutional rights are not violated. 844 F.2d 1275, 1283 (6th Cir. 1988). Further,

5

the Sixth Circuit detailed that the Supreme Court "has made it clear that while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Id.* at 1281 (internal citations omitted).

In the present case, the Court's Order on Discovery and Scheduling [Doc. 11] provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

[*Id.* at ¶ E].

Therefore, the Court will not compel pretrial discovery where the Government has already conceded that it is aware of its obligations under *Brady* and *Giglio*, and Defendant has failed to establish that any of these rules require disclosure of the requested material at this time. *See* 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *Presser,* 844 F.2d at 1281 ("[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.") (quoting *U.S. v. Bagley,* 473 U.S. 667, 675 (1985)).

Here, in addition to the information set forth by paragraph E of the Court's Order on Discovery and Scheduling, the Court agrees with the Government that Defendant Bibbs' request for the criminal records of the Government's witnesses is governed by paragraph F of this Order. *See* [Doc. 11 at ¶ F].  However, Defendant Bibbs has not demonstrated his entitlement to the

witnesses' medical, psychological, and substance abuse treatment records, and drug screening information.[3]  Accordingly, Defendant Bibbs' First Specific Brady Motion for Disclosure of Specific Items of Impeaching Information [**Doc. 214**] will be **DENIED**.

## III.    DEFENDANT BIBBS' MOTION FOR A BILL OF PARTICULARS

Defendant Bibbs requests [Doc. 215] that the Court order the Government to provide a bill of particulars, specifying, with respect to Count One of the Second Superseding Indictment [Doc. 243]: all persons with whom he acted in concert during the course of the alleged conspiracy; his role in the alleged conspiracy; the dollar amount he allegedly received and the dates such proceeds were received; the exact date he is alleged to have entered into the conspiracy; the names of the unindicted individuals with whom he is alleged to have agreed to distribute controlled substances; the meeting where the Government contends he joined the conspiracy; any specific receipt or distribution of a controlled substance he is alleged to have committed in furtherance of the conspiracy; and the identity of any unindicted co-conspirators—among several other requests.

With respect to Count Two, Defendant Bibbs requests similar details, including: all persons with whom he acted in concert with during the course of the alleged offense; the specific firearms he is alleged to have aided and abetted the other co-defendants in possessing; the specific dates and locations of the firearms possessions alleged in Count Two; and the specific actions of Defendant Bibbs and others that the Government contends constitute aiding and abetting—among several other requests.  With respect to Count Twelve, Defendant Bibbs requests for the Court to require the Government to provide with particularity the specific actions that constitute the aiding

_____

[3] The Court notes the Government's position that "[t]o the extent some witnesses might have been asked about their drug use or abuse history during interviews or proffer sessions, the reports of those interviews will be turned over in accordance with the requirements of the Jencks Act."  [Doc. 231 at 58].

of abetting of Defendant Billips, as well as the specific actions of Defendant Billips that constitute the aiding and abetting of Defendant Bibbs. Defendant Bibbs seeks similar details with respect to Count Thirteen. Lastly, with regard to Count Fifteen, Defendant Bibbs seeks the specific firearm alleged to have been possessed, as well as the specific location and date of the possession of the firearm.

Defendant Bibbs also requests that the bill of particulars specify the substance and identity of any co-conspirator statements the Government intends to introduce into evidence under Federal Rule of Evidence 801(d)(2)(e); specific details as to any Federal Rule of Evidence 404(b) acts or conduct the Government intends to offer into evidence against him; and specific details involving Federal Rule of Criminal Procedure 11 evaluation and sentencing factors.

The Government responds [Doc. 231 at 59–65] that the Superseding Indictment and the provided discovery enables Defendant Bibbs to prepare his defense and avoid unfair surprise at trial. First, the Government claims that Defendant Bibbs seeks granular details of the case against him and maintains that the Superseding Indictment properly sets forth the elements of the charged offenses. Here, the Government asserts that the Superseding Indictment "alleges the conspiracy's timeframe, and an indictment charging a count of conspiracy is sufficiently precise as to the timeframe if the operative period of the conspiracy is set out." [*Id.* at 62]. Further, the Government claims that it has provided extensive discovery to Defendant Bibbs which obviates the need for a bill of particulars.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an

acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directly, and expressly[.]" *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *Landham*, 251 F.3d at 1079. Moreover, the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)); *see also Landham*, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. *See id.* The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. *Id.* Additionally, "'a defendant is not entitled to a bill of particulars with respect to information which is available through other sources.'" *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014) (Shirley, MJ) (quoting *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue)).

At the outset, the Court acknowledges the numerous requests by Defendant Bibbs in his motion for a bill of particulars. However, the Court finds that the Second Superseding Indictment is sufficiently specific to inform Defendant Bibbs of the nature of the charges he faces and to permit him to prepare for trial. Additionally, the Government has detailed how much of the requested information is available from other sources through the provided discovery. Therefore, the Court concludes that the Government has given Defendant Bibbs sufficient information to permit him to craft a defense, avoid surprise, and plead a bar to a future double jeopardy violation. However, the Court will address certain of Defendant Bibbs' requests in greater detail.

### A.    Conspiracy Charge

"The Government is not required to allege or prove overt acts in furtherance of a drug conspiracy." *United States v. Oaks*, No. 2:18-CR-36-JRG-HBG, 2019 WL 2565662, at *3 (E.D. Tenn. June 19, 2019) (citing *United States v. Nelson*, 922 F.3d 311, 317 (6th Cir. 1990)). Ultimately, "a defendant is not entitled to discover all the overt acts that might be proven at trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A request for a bill of particulars likewise may not be granted if the purpose "is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). With respect to a conspiracy charged under 21 U.S.C. § 846, "'an overt act need be neither charged nor proved[.]'" *United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir. 1984) (quoting *United States v. Umentum*, 547 F.2d 987, 991 (7th Cir. 1976)). Accordingly, because there is no requirement that the Government charge an overt act in a drug conspiracy under § 846, there is likewise no need to particularize an indictment that fails to do so.

Defendant Bibbs seeks the dates that he is alleged to have participated in the conspiracy, including the date he is alleged to have joined the conspiracy. However, "for alleged drug

10

conspiracies, [the Sixth Circuit] has determined indictments charging an open start date and a specific end date to be sufficient to apprise the defendants of the charges." *United States v. Kincaid*, No. 3:10-CR-160, 2013 WL 3991796, at *6 (E.D. Tenn. Aug. 2, 2013) (citing *United States v. Vassar*, 346 F. App'x 17, 22 (6th Cir. 2010)), *report and recommendation adopted by*, 2013 WL 5488524 (E.D. Tenn. Oct. 2, 2013). The Second Superseding Indictment [Doc. 243] charges Defendant Bibbs with the conspiracy to distribute fifty grams or more of methamphetamine, as well as a quantity of fentanyl, oxycodone, alprazolam, marijuana, buprenorphine, and heroin, from on or about July 15, 2018 through on or about November 22, 2019 (Count One). The specific date on which Defendant Bibbs allegedly joined the conspiracy is not an essential element of any charge against him. *See United States v. Oaks*, No. 2:18-cr-36-JRG-HBG, 2019 WL 2565662, at *2 (E.D. Tenn. June 19, 2019) (citing *United States v. Roman*, 728 F.2d 846, 852 (7th Cir. 1984) (holding an indictment did not need to include the specific date on which the defendant allegedly joined a drug conspiracy)).

Furthermore, "the Sixth Circuit has held the government is not required to furnish in a bill of particulars the names of co-conspirators or other persons present when a defendant allegedly participated in a conspiracy." *United States v. Assad*, No. 2:18-CR-140, 2019 WL 4054988, at *3 (E.D. Tenn. Aug. 27, 2019) (citing *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)); *see, e.g.*, *United States v. Hofstetter*, No. 3:15-CR-27-TAV-CCS, 2018 WL 813254, at *7 (E.D. Tenn. Feb. 9, 2018) ("Thus, the Government is not required to reveal the names of unindicted coconspirators.") (citing *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)). Therefore, Defendant Bibbs has failed to establish that he is entitled to the requested information about the date, time, location, and individuals involved in acts of the alleged conspiracy.

11

Ultimately, "[t]he bill of particulars is not intended as a means of learning the government's evidence and theories." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (internal citations and quotation marks omitted). A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the Government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *see, e.g.*, *United States v. Pullum*, No. 5:15-CR-70-DCR-REW, 2016 WL 11677773, at *3 (E.D. Ky. Oct. 11, 2016) ("To the extent Pullum seeks 'any and all statements and/or events . . . upon which the prosecution intends to rely to prove that the conspiracy existed[,]' . . . a bill of particulars is specifically not a tool to permit a defendant 'to discover all the overt acts that might be proven at trial[,]' *Salisbury*, 983 F.2d at 1375, or to 'learn [ ] the [details of the] government's evidence[,]' *Musick*, 291 F. App'x at 724."). Here, the Second Superseding Indictment alleges the conspiracy in Count One "with reasonable particularity of time [and] place[.]" *United States v. Cruikshank,* 92 U.S. 542, 558 (1875).

### B.    Aiding and Abetting and Felon in Possession Charges

Defendant Bibbs seeks similar information with respect to Count Two of the Superseding Indictment—charging him with aiding and abetting possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2)—such as the identity of all persons with whom he acted in concert and the specific firearms involved as well as the dates and locations of the alleged firearms possessions. Next, with respect to Count Twelve (alleging that on July 25, 2019, Defendants Bibbs and Billips "aided and abetted by each other" possessed heroin with the intent to distribute), Defendant Bibbs seeks for the Government to provide the specific actions of each Defendant that constitute aiding and abetting. For Count Thirteen (alleging that Defendants Bibbs and Billips, aided and abetted by each other, knowingly possessed a firearm in furtherance of a drug trafficking crime), Defendant Bibbs seeks the specific actions of each Defendant which

12

the Government claims constitute aiding and abetting, as well as the specific firearm alleged to have been possessed. Lastly, regarding Count Fifteen (charging Defendant Bibbs with being a felon in possession of a firearm on July 25, 2019), Defendant Bibbs seeks the specific firearm alleged to have been possessed, as well as the specific location and date of the possession of the firearm.

Here, the Court similarly finds that the Second Superseding Indictment sufficiently sets forth the elements of the offense charged. Again, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). For Counts Two, Twelve, Thirteen, and Fifteen, the Second Superseding Indictment is sufficiently specific with regard to the charged offenses. Additionally, any alleged failure with respect to the charged offenses is cured by the provided discovery. *See United States v. Darden*, 346 F. Supp. 3d 1096, 1119 (M.D. Tenn. 2018) ("Leaving aside the voluminous discovery that has been provided and likely answers many of the questions posed by Darden, a court is not required to grant a Bill of Particulars seeking the exact date, time, and location of overt acts."); *see, e.g.*, *United States v. Turner*, No. 14-20019, 2015 WL 687313, at *3 (E.D. Mich. Feb. 18, 2015) (rejecting motion for bill of particulars in case where the defendant was charged with possessing a firearm in furtherance of a crime of violence where defendant requested "the exact date and times and specific place on which each specific alleged offense occurred"); *United States v. Agard*, 531 F. Supp. 2d 1072 (D. N.D. 2008) ("As a general rule, the accused is not entitled to a bill of particulars which provides the exact date of the commission of the alleged crimes where time is not an essential element of the crime.").

13

Put simply, "[e]videntiary details such as the who, what, when, where, and why of the crimes alleged fall within the scope of discovery and do not warrant a bill of particulars." *United States v. Galecki*, No. 2:15-CR-285-APG-PAL, 2018 WL 2390062, at *3 (D. Nev. May 24, 2018), *cited in Darden*, 346 F. Supp. 3d at 1119. The Court finds that the Second Superseding Indictment specifically alleges the elements of the offenses charged. Additionally, with respect to Count Thirteen charging Defendant Billips and Bibbs with possessing a firearm in furtherance of a drug trafficking offense on or about July 25, 2019, the Second Superseding Indictment details the specific drug trafficking crime—aiding and abetting the possession with the intent to distribute heroin on or about July 25, 2019 (Count Twelve). Similarly, with respect to Count Fifteen, Defendant Bibbs is informed that he is charged with the unlawful possession of a firearm on July 25, 2019 in the Eastern District of Tennessee.

Defendant Bibbs' argument at the hearing demonstrates that he is aware that these charges stem from the execution of the search warrant at 510 Gillespie Road on July 25, 2019. Therefore, the discovery in this case has provided Defendant Bibbs with sufficient information to present a defense and to avoid unfair surprise. *See United States v. Martin,* 516 F. App'x 433, 455 (6th Cir. 2013) ("A bill of particulars is meant 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. [It] is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.") (quoting *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004)).

### C.    Co-Conspirator Statements and Other Bad Acts

As the Court has already detailed, the Government is not required to furnish in a bill of particulars on the names of co-conspirators or other persons present when Defendant allegedly

14

participated in the conspiracy. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *see also Crayton*, 357 F.3d at 568 (observing that the government is not required to reveal the names of unindicted co-conspirators); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government").

Therefore, by requesting that the Government be compelled to identify any statements of co-conspirators that it intends to offer under Rule 801(d)(2)(e) prior to trial, Defendant Bibbs argues, in essence, that an *Enright* hearing should occur in advance of trial. The Court will subsequently address the admission of a co-conspirator's statement when reviewing Defendant Bibbs' motion for a pretrial hearing on the existence of a conspiracy [Doc. 218].[4]

Additionally, while Defendant Bibbs requests the summary of the evidence the Government intends to present to establish the existence of a conspiracy and how the Rule 801(d)(2)(E) statements were made in furtherance of the conspiracy, the Court finds this evidence to be a subset of the identification of overt acts, which it has already determined is not required. As discussed above, a bill of particulars is not a means by which the defense may gain "detailed disclosure" of the Government's proof pretrial. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). Advance knowledge of the specific evidence the Government will use at trial would no doubt facilitate trial preparations, but that is not the standard that the Court must employ.

Lastly, the Court will address Defendant Bibbs' arguments with respect to a bill of particulars on Rule 404(b) evidence when addressing his Motion for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 216].[5] However, Defendant Bibbs' requests on these topics are improper,

---

[4] *See infra* Section VI.

[5] *See infra* Section IV.

as a bill of particulars is not a vehicle by which a defendant may discover a detailed list of the evidence the Government will present at trial. *Salisbury*, 983 F.2d at 1375. Therefore, the Court finds that a bill of particulars is not the proper vehicle for the disclosure of discovery on these topics.

Defendant Bibbs seeks for the Government to furnish a bill of particulars involving Federal Rule of Criminal Procedure 11 evaluation and sentencing factors, including the specific amount of drugs that the Government asserts constitutes his foreseeable conduct in the conspiracy, the names of the USSG § 3B1.1 participants in the conspiracy, any USSG Chapter Three adjustments which the Government asserts are applicable, and the quantity of heroin and fentanyl that the Government asserts that Defendant Bibbs would be accountable for at sentencing under USSC § 1B1.3. [Doc. 215 at ¶ 8(a)-(d)].

While the Court recognizes that the amount of drugs involved and the other requested information may affect Defendant Bibbs' Base Offense Level or a possible enhancement for sentencing, and that an indictment must set forth the elements of a crime, "it need not set forth factors relevant only to sentencing of an offender found guilty of the charged crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998); *see, e.g.*, *United States v. Perez-Oladle*, 328 F.3d 222, 224 (6th Cir. 2003); *United States v. Bussell*, No. 3:10-CR-159, 2011 WL 5877079, at *10 (E.D. Tenn. Nov. 23, 2011). Accordingly, the Court finds that a bill of particulars is not appropriate to Defendant Bibbs' requests regarding potential sentencing. In summary, the Court does not find that a bill of particulars is necessary in this case and Defendant Bibbs' motion [**Doc. 215**] will be **DENIED**.

16

## IV. DEFENDANT BIBBS' MOTION FOR PRETRIAL DISCLOSURE OF RULE 404(B) EVIDENCE

Defendant Bibbs moves [Doc. 216] for the Court to direct the Government to provide him with pretrial notice of its intent to use Rule 404(b) evidence at least thirty days before trial, so that he will be able to object to the admissibility of such evidence before trial. Defendant Bibbs requests that the Government provide all factual details, whether the evidence will be introduced by a documentary exhibit, the name of any witnesses providing testimony about any Rule 404(b) evidence, whether any bad act is presently the subject of a pending criminal investigation, and the element of the crime for which each bad act is offered as proof.

The Government responds [Doc. 231 at 89–90] that Defendants have collectively moved the Court to provide varying degrees of advance notice of Rule 404(b) evidence, but that Defendants fail to establish why the Court should deviate from the Scheduling Order. Additionally, the Government asserts that it will be guided by the Sixth Circuit's decision on intrinsic acts evidence in *United States v. Edmond*, 815 F.3d 1032 (6th Cir. 2016).

Federal Rule of Evidence 404(b)(2)(A) provides that upon the defendant's request, the Government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." The Court's Order on Discovery and Scheduling [Doc. 11 at ¶ I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. During the motion hearing, the Government agreed to provide pretrial notice of any Rule 404(b) evidence twenty-one days before trial. Additionally, the Court notes that the Government has previously agreed to provide pretrial notice of any Rule 404(b) evidence twenty-one days before trial to Codefendant Prater. *See* [Doc. 321]. Therefore, the Government shall provide any Rule 404(b) evidence to Defendants Bibbs twenty-one days before trial. With

17

respect to Defendant Bibbs' request for the Government to provide such evidence thirty days before trial, Defendant Bibbs has not provided a sufficient argument for why the Court should deviate from its standard period of reasonable notice.

Accordingly, Defendant Bibbs' Motion for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 216] will be **GRANTED in part and DENIED in part**, with the issue of the need for a pretrial, jury-out hearing being subject to renewal with the District Court at trial. However, the Government is **DIRECTED** to provide any Rule 404(b) evidence to Defendant Bibbs twenty-one days before trial.

## V.   DEFENDANT BIBBS' MOTION FOR DISCLOSURE OF MATERIAL WITNESSES

Defendant Bibbs seeks [Doc. 217] for the Court to require the Government to inform defense counsel of the names and addresses of all persons known to the Government or other law enforcement officers to have been present at the times and places of the alleged offenses. During the hearing, Defendant noted the confidential informant referenced in the affidavit in support of the search warrant of 510 Gillespie Road. Specifically, the affidavit notes that the confidential informant advised a member of law enforcement that within seventy-two hours of the issuance of the search warrant, he was present at 510 Gillespie Road and saw Defendant Bibbs in the possession and control of heroin and marijuana. *See* [Doc. 222-1]. Therefore, Defendant Bibbs maintains that he should be informed of the identity of the confidential informant who could provide exculpatory testimony.

The Government responds that Defendant Bibbs fails to demonstrate "how disclosure of the informant would substantively assist his defense," citing to *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). [Doc. 231 at 66]. Moreover, the Government asserts that Defendant Bibbs has not demonstrated his entitlement to a witness list.

18

In *Roviaro v. United States*, the Supreme Court stated that the Government possesses a limited privilege to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." 353 U.S. 53, 59 (1957). However, "[w]here the disclosure of an informer's identity, or of the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61. In deciding whether a confidential informant's identity should be disclosed, "trial courts must balance the public's interest in protecting the flow of information against the defendant's right to prepare a defense." *United States v. Beals*, 698 F.3d 248, 270 (6th Cir. 2012). Courts should consider the "particular circumstances of each case," such as "the crime charged, the possible defenses, [and] the possible significance of the informer's testimony[.]" *Id.* (brackets in original) (quoting *Roviaro*, 353 U.S. at 62). Finally, "[a]n informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." *United States v. Dexta*, 136 F. App'x 895, 904 (6th Cir. 2005) (quoting *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992)).

Ultimately, the Court agrees with the Government that Defendant Bibbs has failed to "show how disclosure of the informant would substantively assist his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992); *see also United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015) ("A defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted."); *United States v. Sierra–Villegas*, 774 F.3d 1093, 1109 (6th Cir. 2014) ("[A]n in camera hearing is not required when the defendant fails to identify how the informant's testimony could be relevant or helpful.").

Defendant Bibbs has failed to establish a specific need for the identity of any informants or cooperating individuals, as he generally mentions the potential of obtaining exculpatory

19

information through the confidential informant in connection with Counts Twelve and Thirteen. Defendant Bibbs does not identify "the likelihood that [an informant] possesses necessary information for the defendant's sole defense" or present more than a general statement about the need to effectively prepare for trial. *See United States v. Shanklin*, 924 F.3d 905, 915 (6th Cir. 2019) (noting "[a]dmittedly, our precedent has not specified what kind of evidence (and what amount) a defendant is required to produce before he successfully requests disclosure"). Here, "[a] defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted," *Ray*, 803 F.3d at 274, and "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure" *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (internal quotation marks omitted). Lastly, the Court has already largely addressed Defendant Bibbs' requests for the Government to disclose the individuals present at the time and places of the alleged offenses when denying his motion for a bill of particulars.

With respect to interpreting Defendant Bibbs' motion as a request for a witness list, the Court finds that Defendant Bibbs' motion and argument have not established the need for such disclosure. As a general rule, the government is not required to disclose the names of its witnesses before trial. *See United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984); *see also United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government"). *But see Roviaro v. United States*, 353 U.S. 53, 60-64 (1957) (holding that the informer's privilege does not prevent the disclosure of the identity of active participants in the crime). This general rule is tempered by the government's obligation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), to provide the defendant with

information that is favorable to his defense and material to either guilt or punishment. The government "acts at its own peril" if it fails to provide *Brady* materials in a timely fashion. *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988).

The Court has discretion to order the Government to produce discovery not required by Federal Rule of Criminal Procedure 16, including a witness or exhibit list, pursuant to its inherent powers. *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list); *Presser*, 844 F.2d at 1285 n.12 (observing that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it"). However, the Court will decline to order the Government to produce a witness list, and for the reasons set forth above, Defendant Bibbs' Motion for Disclosure of Material Witnesses [**Doc. 217**] will be **DENIED**.

## VI.     DEFENDANT BIBBS' MOTION FOR PRETRIAL HEARING ON THE EXISTENCE OF A CONSPIRACY

Defendant Bibbs moves [Doc. 218] for a pretrial hearing to determine the existence of a conspiracy, pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), in which he argues that Government must prove that the conspiracy existed before it may introduce co-conspirator statements in its case-in-chief at trial. Defendant Bibbs claims that there is not independent evidence of his membership in the conspiracy charged in Count One of Second Superseding Indictment [Doc. 243]. In support, Defendant claims that no Title III wiretap was set up on any telephone used or owned by him, as well as that there was only one intercepted text message provided in discovery, in which he was communicating with Defendant Billips.

Defendant Bibbs acknowledges that Defendant Billips had contact with other members of the alleged conspiracy, but points to the lack of connection between him and other alleged co-conspirators. Additionally, Defendant Bibbs notes that when law enforcement executed the search

21

warrant at 510 Gillespie Road on July 25, 2019, although 1.8 grams of heroin and $198 was found either on his person or in the bedroom he was in, no other firearms, other than the one in the front room of the residence, were found.  Therefore, Defendant argues that a pretrial hearing is necessary to protect against the danger of unfair prejudice or inadmissible hearsay at trial.

The Government responds [Doc. 231 at 67–72] that a pretrial hearing is not the proper approach in this case, as "[r]equiring the functional equivalent of a trial-before-the-trial would be manifestly unfair to the interests of justice."  [*Id.* at 69].  With respect to Defendant Bibbs, the Government states that it is not required to establish that he conspired with every conspirator charged in the Second Superseding Indictment, and points to the alleged evidence of a drug trafficking conspiracy seized after the execution of the search warrant at 510 Gillespie Road. Additionally, the Government argued that Defendant Bibbs' social media posts constitute additional evidence of his involvement in the drug trafficking conspiracy.

The Federal Rules of Evidence require that for a statement of a co-conspirator to be admissible non-hearsay, the statement must be "made by the party's coconspirator during and in furtherance of the conspiracy."  Fed. R. Evid. 801(d)(2)(E).  The Sixth Circuit has approved three procedures for resolving the admissibility of alleged co-conspirator statements: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement.  *United States v. Vinson*, 606 F.2d 149, 152–53 (6th Cir. 1979) (citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)).

Defendants Bibbs requests the first of these options, a pretrial hearing.  The Court observes that it is the historical practice in this District to use the third of the three options, which the Court

will refer to as the provisional admission option. Defendant Bibbs argues that a pretrial hearing is the most efficient way to protect his due process rights and confront the witnesses against him.

The Sixth Circuit has observed that pretrial hearings have the disadvantage of being "burdensome, time-consuming and uneconomic." *Id.* at 152 (footnote omitted). Nevertheless, "a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant." *Id.* The decision of which of the three *Vinson* options to use falls squarely within the district judge's sound discretion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative"). A change from the provisional admission option, historically employed in this District, is not warranted when the proponents of the pretrial hearing offer only "general and vague objections" that "demonstrate no specific prejudice" resulting from the use of the provisional admission option. *United States v. Martin*, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008).

Here, Defendants Bibbs fails to demonstrate how such prejudice is specifically or particularly likely in the present case. With regard to Defendants Bibbs' argument that insufficient evidence of a conspiracy exists, the Government will have to demonstrate the existence of the conspiracy at trial, which will ameliorate Defendants Bibbs' Sixth Amendment Confrontation Clause concerns. The Government has detailed the provided discovery against Defendant Bibbs, which it will present to establish the existence of a conspiracy.

"Defendant[ ] essentially argue[s] that if the Government fails to prove that they participated in the charged conspiracy, then their right to confrontation would be violated by the admission of a coconspirator statement that is not admissible under Rule 801(d)(2)(E)." *United States v. Hickman*, No. 3:18-CR-36-TAV-DCP, 2018 WL 6613738, at *6 (E.D. Tenn. Dec. 17, 2018). However, this "objection could be raised in every case in which a conspiracy is charged."

Case 3:19-cr-00151-TAV-DCP   Document 408   Filed 06/10/21   Page 23 of 34   PageID #: 3335

*Id.* Additionally, the Court finds that Defendants Bibbs' objections to the provisional admission option are not unique or specific to this case.

Ultimately, the Court has considered Defendants Bibbs' arguments and finds no reason to depart from the traditional provisional admission approach. As Defendants Bibbs' motion relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice employed in this District of permitting the Government to present the statement before proving the conspiracy and then instructing the jury that the Government must prove the conspiracy before it can consider the statement. Accordingly, Defendant Bibbs' Motion for a Pretrial Hearing on the Existence of a Conspiracy [**Doc. 218**] will be **DENIED**.

## VII.    DEFENDANT BIBBS' MOTION TO SEVER

Defendant Bibbs moves [Doc. 220] pursuant to Federal Rules of Criminal Procedure 8 and 14 to sever his trial from that of his Codefendants, claiming that he will be unfairly prejudiced if he is tried with his Codefendants, and a joint trial will unnecessarily expose him to the risk of guilt by association. Additionally, Defendant Bibbs claims that a joint trial would likely violate the Confrontation Clause as set out in *Bruton v. United States*, 391 U.S. 123 (1968).

In support, Defendant Bibbs claims that seven other Codefendants are charged with a conspiracy to commit money laundering—and thus there is a misjoinder of defendants under Rule 8(b) "with regard to the money-laundering counts against several of the other co-defendants." [Doc. 221 at 2]. Therefore, Defendant Bibbs maintains that the jury would be unduly prejudiced by the evidence in the money-laundering counts. Further, Defendant Bibbs claims that several Codefendants "have made statements that would be admissible against them at trial, but not against [Defendant Bibbs]," including that it is believed that one Codefendant "has made statements to

24

law enforcement officials that mention" Defendant Bibbs' name. [*Id.* at 2–3]. Lastly, Defendant Bibbs asserts that certain Codefendants would provide exculpatory testimony at a separate trial.

The Government responds [Doc. 231 at 73–78] that all Defendants, including Defendant Bibbs, are properly joined in this case, as they are all charged in a poly-drug trafficking conspiracy. The Government asserts that these Defendants are either gang members or associates of gang members who cooperated with each other to support or engage in drug trafficking. Further, the Government claims that Rule 8(b) does not require that each defendant be charged in all counts set forth in the indictment.

"The joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all counts of the indictment include a common defendant." *United States v. Hatcher,* 680 F.2d 438, 441 (6th Cir. 1982) (citing Fed. R. Crim. P. 8(b)). In the present case, the Court finds that the Defendants were properly joined in the same Second Superseding Indictment because they are alleged to have participated in the same act or series of transactions, i.e., a conspiracy to possess and distribute fifty grams or more of methamphetamine, as well as a quantity of fentanyl, oxycodone, alprazolam, marijuana, buprenorphine, and heroin, from on or about July 15, 2018 through on or about November 22, 2019. *See* [Doc. 243].

Defendant Bibbs challenges that certain Codefendants are charged with the conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). However, "[t]his action involves the activities of an alleged drug trafficking organization, which included money laundering" and the Sixth Circuit "has previously determined that money laundering is an act integrally related to the success of a conspiracy to distribute drugs." *United States v. Johnson*, No. 11-CR-20752, 2013

WL 870374, at *1–2 (E.D. Mich. Mar. 8, 2013) (citing *United States v. Rooks*, 181 F.3d 105 (Table), 1999 WL 357830 at *3–4 (6th Cir. May 25, 1999)).

Therefore, the Court finds that the "counts of the indictment are sufficiently related to survive this motion to sever." *United States v. Kollman*, No. 1:10-CR-00044-R, 2011 WL 6016893, at *4 (W.D. Ky. Dec. 2, 2011) (addressing where one count "alleges a conspiracy to distribute large amounts of illegal narcotics while the other describes a conspiracy between the same actors to launder the ill-gotten proceeds," as "[f]our of the individuals named in count one are likewise named in count two"). Here, Codefendants Alim Turner, Stewart, Ronald Turner, Gilmore, Forbes, and Cooper are named in both the drug conspiracy and money laundering counts. [Doc. 243]; *see, e.g.*, *Kollman*, 2011 WL 6016893 at *4 ("The interconnectedness of money laundering and drug dealing, along with the overlap of actors in these two conspiracies from the indictment, demonstrates Kollman's request is untethered from the applicable facts and law."); *see also United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) ("As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'") (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)); *United States v. Welch,* 97 F.3d 142, 147–48 (6th Cir. 1997) (affirming denial of severance where defendant was only named in three of twenty-nine counts stemming from a conspiracy to sell cocaine). Further, a defendant need not have direct contact with the other co-conspirators or even know the existence of all the co-conspirators in order to participate in the same conspiracy or share the same criminal purpose. *See United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) ("As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators.").

Joinder of defendants promotes judicial economy because there is almost always common evidence against the joined defendants. *Phibbs,* 999 F.2d at 1067. Here, the Court finds that the Defendants, having been jointly indicted on drug conspiracy and other charges, have been properly joined.

However, Federal Rule of Criminal Procedure 14(a) "recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government." *Zafiro v. United States*, 506 U.S. 534, 538 (1993). Rule 14(a) provides that "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In interpreting Rule 14, the Supreme Court has held that if joinder is compliant under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A defendant requesting severance must show "compelling, specific, and actual prejudice from [the] court's refusal to grant the motion to sever." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (internal quotation marks and citation omitted) (noting the "high standard required to prevail on a severance motion"). Ultimately, the decision to sever counts is within the trial court's discretion. *See United States v. Fields*, 763 F.3d 443, 456 (6th Cir. 2014) (citing *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)).

The Government notes that "Defendants Bibbs and Billips implicated each other in their separate *Mirandized* interviews with law enforcement," but maintains that "any Confrontation Clause issue can be eliminated by redacting the non-testifying co-defendant's statement to remove any references to the defendant." [Doc. 231 at 76 (citing *Richardson v. Marsh*, 481 U.S. 200, 211

27

(1987)]. Here, the Government states that it will "prepare transcripts wherein the mutual references to each other's names and pronouns . . . are seamlessly removed from the transcript and recording." [*Id.*].

"The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant 'to be confronted with the witnesses against him,' and this 'includes the right to cross-examine witnesses.'" *Cruz v. New York*, 481 U.S. 186, 187–89 (1987) (citation omitted). In *Bruton*, the Supreme Court held that a defendant is deprived of that right when a co-defendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the co-defendant. *Bruton v. United States*, 391 U.S. 123, 135–36 (1968). Thus, the *Bruton* rule, as it has come to be known, teaches that "[w]here two or more defendants are tried jointly, . . . the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination." *Cruz*, 481 U.S. at 190. "While *Bruton* involved a joint trial, the rule derived therefrom also applies where the declarant is unavailable at trial and has not previously been subjected to cross-examination about the statement." *United States v. Braden*, 328 F. Supp. 3d 785, 787 (M.D. Tenn. Sept. 17, 2018) (citing *Crawford v. Washington*, 541 U.S. 36, 54 (2004)).

However, in *Richardson v. Marsh*, 481 U.S. 200, 208 (1987), the Supreme Court limited the reach of *Bruton* to statements that were "incriminating on [their face] and expressly implicated the co-defendant." Therefore, "a nontestifying codefendant's statement must do more than incriminate by implication to violate the Confrontation Clause." *United States v. Alkufi*, 636 F. App'x 323, 334 (6th Cir. 2016). "Cases interpreting *Bruton* have found no Confrontation Clause violation where a nontestifying codefendant's statement is redacted to omit any reference to the

defendant and implicates the defendant only when linked to other evidence presented at trial." *Id.* (citations omitted). Further, in *United States v. Vasilakos*, 508 F.3d 401, 408 (6th Cir. 2007), the Sixth Circuit adopted "the rule followed by the Fourth, Eighth, and Tenth Circuits that permits the introduction of a declarant-codefendant's self-incriminating, extra-judicial statement, in a joint trial, where the defendant's name is redacted and a neutral term is substituted," because it "avoids any Sixth Amendment or *Bruton* violation."

Accordingly, because the Court finds that Defendant Bibbs' name can be replaced in Defendant Billips' statement with "a neutral term," such as "another person" or "another individual," Defendant Bibbs fails to make the required showing of compelling, specific, and actual prejudice. Defendant Bibbs claims that Defendant Billips' statement references the execution of the search warrant on July 25, 2019, and that only three individuals (Defendant Bibbs, Defendant Billips, and another individual) were present at the residence on that night. However, Defendant Bibbs has failed to provide any case law extending *Bruton* and requiring severance of a trial in a factually analogous scenario. Additionally, the Court notes that as Defendant Billips has entered a plea agreement, no Confrontation Clause issue exists if he testifies in the present case and is subject to cross-examination.

Next, Defendant Bibbs points to the potential exculpatory testimony from several Codefendants, including those based in Knoxville, who could allegedly testify that they did not know Defendant Bibbs. When a defendant's request for severance is predicated upon the absence of a codefendant's testimony in a joint trial, the Court must employ a "stringent test": "The defendant 'must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed.'" *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (quoting

*United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980)). Here, Defendant Bibbs has failed to establish a bona fide need for such testimony, point to the specific potential testimony of any Codefendant, or claim that any Codefendant will in fact testify.[6] Therefore, while Defendant Bibbs has not proposed any specific testimony, he also has not demonstrated that the nature of the testimony of any Codefendant would justify a separate trial sufficient to meet the "stringent test" set forth in *Causey*.

Lastly, the Court acknowledges Defendant Bibbs' argument that the provided discovery contains extensive evidence of numerous other Codefendants, whom he referred to as the "Knoxville contingent," as well as that Defendant Bibbs is charged with no other substantive counts other than Counts Twelve and Thirteen. "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 534 (1993)). Here, the Court finds that a limiting instruction that the jury separately consider evidence against each Defendant on each charge would be sufficient to mitigate the substantial risk of prejudice. *See, e.g.*, *Zafiro*, 506 U.S. at 539; *United States v. Kennedy*, 743 F. App'x 649, 655 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1278 (2019) (holding an instruction that "[i]t is your duty to *separately* consider the evidence that relates to each charge, and to return a separate verdict for each one" was sufficient to prevent prejudice); *United States v. Bell*, No. 17-CR-20183, 2019 WL 3451223, at *6 (E.D. Mich. July 31, 2019) ("This Court believes that any potential confusion from spillover evidence will be prevented by carefully and adequately

---

[6] In his Memorandum in Support of his Motion to Sever [Doc. 221], Defendant Bibbs merely claims that "[i]t is also believed that certain of the co-defendants would give testimony favorable to Mr. Bibbs at a separate trial."

30

instructing the jury to consider the evidence against each Defendant separately, particularly regarding the conspiracy charges.").

With respect to Defendant Bibbs' spillover argument, "[a]bsent a showing of substantial prejudice, spillover of evidence from one case to another does not require severance." *See United States v. Gallo*, 763 F.2d 1504, 1526 (6th Cir. 1985). The Sixth Circuit has found that "a defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him." *United States v. Causey,* 834 F.2d 1277, 1288 (6th Cir. 1987). Further, the Sixth Circuit detailed that with joint trials, "there is always a danger that the jury will convict on the basis of the cumulative evidence rather than on the basis of evidence relating to each defendant." *Id.* Thus, "a defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him." *Id.*

Ultimately, the Court finds that Defendant Bibbs has failed to satisfy his "heavy burden of showing specific and compelling prejudice." *United States v. Harris*, 9 F.3d 493, 501 (6th Cir. 1993). Defendant Bibbs has not demonstrated a "serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence," requiring a separate trial under Rule 14 of the Federal Rules of Criminal Procedure. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993). Accordingly, Defendant Bibbs' Motion to Sever [**Doc. 220**] will be **DENIED**.

## VIII.   DEFENDANT BIBBS' MOTION TO AMEND

On December 14, 2020, the Court granted Defendant Cox's [Doc. 281] and Defendant Carmley's Motions to Continue [Docs. 288 & 311], as well as Defendant Billips' Motion to Adopt

31

[Doc. 312] and continued the trial date and several pretrial deadlines in this case. [Doc. 318].[7] The December 14th order referenced that "[c]ounsel for Defendants Stewart, Ronald Turner, Gilmore, Prater, and Bibbs stated that they had discussed the continuance with their clients who had no objection." [*Id.* at 3].

In his pending motion [Doc. 319], Defendant Bibbs requests that the Court's previous Order [Doc. 318] be "amended to reflect that counsel for Mr. Bibbs, during the hearing on said motions, did object to the continuance of the trial date." [Doc. 319 at 1]. Defendant Bibbs' Motion to Amend [**Doc. 319**] will be **GRANTED** to reflect that Defendant Bibbs objected to the continuance of the trial date.[8]

However, even after updating Defendant Bibbs' objection, the Court finds that the original reasons for the continuance of the trial date are still applicable. The Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under this provision, time excludable as to one defendant is excludable to all codefendants. *United States v. Holyfield*, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. *Henderson v. United States*, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to a codefendant, courts should be guided by the policies supporting the enactment of section 3161(h)(6):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of

---

[7] On December 14, 2020, the Court continued the February 16, 2021 trial date to July 6, 2021. [Doc. 318]. The trial date was subsequently continued to July 7, 2021. [Doc. 390].

[8] The Court notes that Defendant Bibbs does not seek any additional relief in his Motion to Amend [Doc. 319].

32

defendants be liberally excluded.  Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

*United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted).  In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance.  *See id.*

In the December 14, 2020 order continuing the trial date, the Court found that the ends of justice served by granting a continuance outweigh the interests of the Defendants and the public in a speedy trial, citing 18 U.S.C. § 3161(h)(7)(A). [Doc. 318].  The Court noted that twelve Defendants were charged in the Second Superseding Indictment with a drug trafficking conspiracy, that several Defendants (including Defendant Bibbs) are alleged to have possessed firearms in furtherance of drug trafficking, as well as that the Second Superseding Indictment alleges enhanced penalties for several Defendants and seeks the forfeiture of funds.  [*Id.* at 4].  Additionally, the Court detailed that the Court has previously found the case to be complex for speedy trial purposes, that the Defendants have filed numerous, extensive pretrial motions, that Defendants Cox and Carmley were added in the Second Superseding Indictment, that Defendant Billips received new counsel on November 18, 2020, and Defendant Forbes first appeared on December 1, 2020.  [*Id.* at 4–5].  Lastly, the Court noted the voluminous discovery in the present case.  [*Id.* at 5].

As the Court has detailed above, Defendant Bibbs was jointly indicted, and his trial has not been severed from that of his Codefendants.  Therefore, the Court finds that the approximate five-month delay is reasonable and that this delay is also attributable to Defendant Bibbs.  *See* 18 U.S.C. § 3161(h)(6); *United States v. Cope*, 312 F.3d 757, 776-77 (6th Cir. 2002) (holding "the excludable delay of one defendant is ascribed to that of all of his codefendants") (citation omitted).

33

## IX.    CONCLUSION

Accordingly, for the reasons set forth above,

1. Defendant Bibbs' First Specific Brady Motion for Disclosure of Specific Items of Impeaching Information [**Doc. 214**] will be **DENIED**;

2. Defendant Bibbs' Motion for a Bill of Particulars [**Doc. 215**] will be **DENIED**;

3. Defendant Bibbs' Motion for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 216**] will be **GRANTED in part and DENIED in part**, with the issue of the need for a pretrial, jury-out hearing being subject to renewal with the District Court at trial.   However, the Government is **DIRECTED** to provide any Rule 404(b) evidence to Defendant Bibbs twenty-one days before trial;

4. Defendant Bibbs' Motion for Disclosure of Material Witnesses [**Doc. 217**] will be **DENIED**;

5. Defendant Bibbs' Motion for a Pretrial Hearing on the Existence of a Conspiracy [**Doc. 218**] will be **DENIED**;

6. Defendant Bibbs' Motion to Sever [**Doc. 220**] will be **DENIED**;

7. Defendant Antoinette Turner's Motion to Adopt [**Doc. 238**] will be **DENIED AS MOOT**;

8. Defendant Bibbs' Motion to Amend [**Doc. 319**] will be **GRANTED** to reflect that Defendant Bibbs objected to the continuance of the trial date; and

9. Defendant Billips' Motion to Sever [**Doc. 340**] and Motion for Pretrial Notice of Government's Intent to Use Rule 404(b) Evidence [**Doc. 343**] will be **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge